FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 7 2005

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DIRECTV, INC.                                                  PLAINTIFF

vs.                                      No. 4:04-CV-435 GTE

TROY WILSON                                            DEFENDANT

### DIRECTV'S DAMAGE SUBMISSION REGARDING DEFENDANT TROY WILSON

DIRECTV, Inc. ("DIRECTV"), for its damage submission regarding defendant Troy Wilson ("Wilson"), states:

1. On March 1, 2005, the Court granted DIRECTV's motion to strike the answer of Troy Wilson and for default judgment. The Court found Wilson liable to plaintiff, as pleaded in the Complaint, for violations of 47 U.S.C. § 605 and 18 U.S.C. § 2511.

2. DIRECTV specifically elects statutory damages available for Wilson's violations of section 605(e)(4) of the Communications Act and violations of section 2511 of the Surreptitious Interception Act.

3. Subsection (e) of the Communications Act (47 U.S.C § 605) states, in pertinent part, that "for each violation of (paragraph (e)(4)] involved in the action an aggrieved party may recover statutory damages in a sum not sell than $10,000 or more than $100,000, as the Court considers just." 47 U.S.C. § 605 (e)(3)(C)(i)(II).

4. Subsection (e) of Communications Act (47 U.S.C. § 605) also states, in pertinent part, that "the court *shall* direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605 (e)(3)(B)(iii).

5.  Section 2520 of title 18 provides that the Court may award to a complaining party "statutory damages of *whichever is greater* of $100 per day for each violation or $10,000..." 18 U..S.C. § 2520(c)(2)(B)

6.  Section 2520 if title 18 provides that the Court may award to a complaining party "reasonable attorneys' fees and other litigation costs reasonably incurred." 18 U.S.C. § 2520(b)(3).

7.  As properly pled in DIRECTV's Complaint, Wilson committed at least five (5) willful violations of 47 U.S.C § 605 and 47 U.S.C. § 2511. On or about June 17, 2001, Defendant Wilson purchased five (5) printed circuit board devices invoiced as "Terminator Bootloaders," more commonly known as a bootloader. Bootloaders are designed to allow the surreptitious interception of DIRECTV Satellite Programming, providing Defendant access to DIRECTV programming without payment.

8.  Wilson purchased one Pirate Access Device from DSS-Pro, which was owned and operated by Li Sang. Attached hereto as Exhibit A is a Business Record Declaration of Li Sang, which describes DSS-Pro's operations. The lengthy exhibits to Li Sang's declaration, which are not pertinent to this filing, have been omitted.

9.  Attached hereto as Exhibit B is a print-out of electronic data maintained by Li Sang and DSS-Pro. Exhibit B reflects Wilson's purchase of the "Terminator Bootloaders" from DSS-Pro.

10. DIRECTV has incurred costs of $150.00 and reasonable attorneys' fees in the amount of $2,880.00. *See* Affidavit of Reed Edwards, Exhibit B to DIRECTV's motion to strike and for default judgment filed on January 21, 2005.

2

11.    The Communications Act also provides that the "court may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of [the Communication Act]. *See* 47 U.S.C. § 605 (e)(B)(i).

12.    Similarly, pertinent language under 18 U.S.C. § 2520 provides that the Court may award, "such preliminary and other equitable or declaratory relief as may be appropriate." *See* 18 U.S.C. § 2520(b)(1).

13.    Accordingly, this Court may permanently enjoin Wilson from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511.

WHEREFORE, DIRECTV prays that the Court: (1) award to DIRECTV statutory damages in the amount of $50,000.00, plus costs in the amount of $150.00, attorneys' fees in the amount of $2,880.00, and post-judgment interest as provided by law; (2) permanently enjoin Wilson from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511; and (3) grant DIRECTV all other proper relief.

QUATTLEBAUM, GROOMS,
TULL & BURROW PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
(501) 379-1700

By: _____
Steven W. Quattlebaum
Reed R. Edwards

*Attorneys for Plaintiff, DIRECTV, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on March 7, 2005, *via* United States Mail upon:

Michael Sherwood, Esq.
Sherwood & Merritt
406 W. Pershing Blvd.
North Little Rock, Arkansas  72114

Reed R. Edwards

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

*Exhibits Attached to Original Document in Courts's Case File*