**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DIRECTV, INC.**                                                             **PLAINTIFF**

**v.**                                **CASE NO. 4:04-CV-435 GTE**

**TROY WILSON**                                                 **DEFENDANT**

## ORDER AND JUDGMENT

Presently before the Court are the submissions by Plaintiff DirecTV, Inc. with respect to its request for damages pursuant to the entry of default entered against Defendant Troy Wilson. Plaintiff requests statutory damages for Defendant's violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511.

47 U.S.C. § 605(e)(3) permits an aggrieved party to collect actual or statutory damages for violations of § 605(a). In electing statutory damages, it appears that Plaintiff is proceeding under § 605(e)(3)(C)(II) which provides, in pertinent part:

> the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . .

Relief for violations of 18 U.S.C. § 2511, as alleged here, is set forth in 18 U.S.C. § 2520(c)(2):

> In any other action under this section, the court may assess as damages whichever is the greater of--
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

Courts have exercised their discretion by awarding the minimum statutory damages of $1,000 under § 605(e)(3)(C)(II) where the evidence only shows that the defendant had purchased pirate access devices that are typically used for unauthorized interception of satellite transmissions. *See*, *e.g.*, *DirecTV, Inc. v. Agee*, __ F. Supp. 2d __, 2005 WL 3455263 at *4 (D.D.C. Dec 12, 2005); *see*

*also DirecTV, Inc. v. Kaas*, 294 F. Supp. 2d 1044, 1049 (N.D. Iowa 2003) (awarding $1,000 under 47 U.S.C. § 605(e)(3)(C)(II) where "DIRECTV has offered no evidence of its actual damages, nor has it offered evidence of how many days [defendant] used the pirate access device.").

Here, Plaintiff admits that it "is unable to prove the exact number of days or the exact number of times per day that defendant intercepted and received DIRECTV Satellite Programming." (Supplemental Brief in Support of Plaintiff's Motion for Default Judgment, p. 5, Dkt. #26). It is undisputed that Defendant Wilson purchased five pirate access devices on June 17, 2001. Plaintiff calculates its actual damages of $5,956.08 by "[a]ssuming that defendant used the pirate access device from the date of purchase until the date this lawsuit was filed". (Plaintiff's Supplemental Brief, p. 5). Without specific evidence of wrongdoing and interception, the Court concludes that Plaintiff is entitled only to the minimum statutory damages of $1,000 set forth in 47 U.S.C. § 605(e)(3)(C)(II).

Plaintiff argues that it is also entitled to elect the recovery of $10,000 in statutory damages under 18 U.S.C. § 2520(c)(2), but as the Eighth Circuit has noted, this award of statutory damages is subject to the district court's discretion. *See Reynolds v. Spears*, 93 F.3d 428, 435 (opining that the statute's use of the word "may" was a choice by Congress "to make the award of such damages discretionary"). Courts have declined to award damages under 18 U.S.C. § 2520(c)(2) when relief may be awarded under 47 U.S.C. § 605(e) and "where no evidence exists to support the claim that the defendant profited from his wrongdoing, or where no evidence exists to support the conclusion that the defendant's actions resulted in actual damages to the plaintiff." *Agee*, 2005 WL 3455263 at *5; *see also Kaas*, 294 F. Supp. 2d at 1049 ("There is no evidence [the defendant] profited from the pirate access device. Indeed, although a reasonable assumption, there is no evidence he even used the device, only that he received it. The court therefore exercises its discretion to award no damages

under 18 U.S.C. § 2520(c)(2), and awards DIRECTV the minimum damages of $1,000 under 47 U.S.C. § 605(e)(3)(C)(ii)."). As there is no evidence before the Court that Defendant Wilson profited from the use of the pirate access device or of actual damages to DirecTV, the Court concludes that the $1,000 award is sufficient.

Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff seeks recovery of $61.43 in costs and $250.00 in attorneys's fees, for a total of $311.43. The Court finds these sums to be just and reasonable. Additionally, the Court grants Plaintiff DirecTV's request for injunctive relief under 47 U.S.C. § 605(e)(3)(B)(i).

IT IS THEREFORE ORDERED that JUDGMENT shall be entered in favor of Plaintiff DirecTV, Inc., and against Defendant Troy Wilson. The Court awards Plaintiff DirecTV, Inc. the sum of $1,000.00 in damages and $311.43 in costs and attorney's fees, a total of $1,311.43.

IT IS FURTHER ORDERED that Defendant Troy Wilson is hereby PERMANENTLY ENJOINED AND RESTRAINED from possessing, receiving, or using any pirate access device, such as a bootloader, which allows unauthorized interception of DirecTV satellite transmissions.

Dated this 30th day of January, 2006.

    /s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE